UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JOSETTE ZAMORA,
and other similarly situated individuals,

    Plaintiff,

v.

EL TAQUITO CORP,
OSVALDO NAVARRO
and ANGELICA OSORIO,

    Defendants,

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JOSETTE ZAMORA, by and through the undersigned counsel, and hereby sues Defendants EL TAQUITO CORP, OSVALDO NAVARRO, and ANGELICA OSORIO, individually, and alleges:

1. This is an action to recover money damages for unpaid minimum and overtime wages and retaliation under the United States laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff JOSETTE ZAMORA is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Therefore, Plaintiff is a covered employee for purposes of the Act.

3. Defendant EL TAQUITO CORP (hereinafter EL TAQUITO, or Corporate Defendant) is a Florida Corporation having a place of business in Miami-Dade County, within the jurisdiction

of this Court. At all times, Defendant was and is engaged in interstate commerce 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. Individual Defendants OSVALDO NAVARRO and ANGELICA OSORIO are the owners/partners/officers and managers of Defendant Corporation EL TAQUITO. These Individual Defendants are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants minimum wages and overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after May 2022, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant EL TAQUITO is a Mexican restaurant and bar. The business has several locations in Dade and Broward Counties.

8. Defendant is a Mexican restaurant and bar. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and

belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendants EL TAQUITO, OSVALDO NAVARRO, and ANGELICA OSORIO employed Plaintiff JOSETTE ZAMORA as a non-exempted, full-time, hourly restaurant employee from May 01, 2022, to September 04, 2022, or 18 weeks.

11. Plaintiff worked at EL TAQUITO located at 3410 Main Hwy., Coconut Grove, FL 33133.

12. Plaintiff was a tipped employee earning $9.00 plus tips, and she had duties as a server, cashier, and cleaning worker.

13. During her employment with Defendants, Plaintiff worked six days per week, a minimum average of 49 hours. Plaintiff was paid for an average of 43 hours at her regular rate. The remaining hours were 6 off-the-clock hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate, as required by law.

14. Every week Plaintiff was paid without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

15. Defendants fired Plaintiff because she complained about unpaid off-the-clock overtime hours and because she refused to pay $550.00 to cover the business' high water bill caused by a water leak.

16. On or about September 04, 2022, Plaintiff went to the restaurant to pick up her last check, but she received only a check for $138.22. Defendants deducted from Plaintiff's wages $550.00 to cover utility expenses of the business. This illegal deduction reduced Plaintiff's wages below the required minimum wage.

17. Plaintiff clocked in and out following Defendants' instructions, and they could track the hours worked by Plaintiff and other similarly situated individuals.

18. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

19. At times mentioned, individual Defendants OSVALDO NAVARRO and ANGELICA OSORIO were the owners/partners and directed operations of EL TAQUITO. Defendants OSVALDO NAVARRO and ANGELICA OSORIO were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of EL TAQUITO concerning its employees, including Plaintiff and others similarly situated. Defendants OSVALDO NAVARRO and ANGELICA OSORIO had financial and operational control of the business, provided Plaintiff with her work schedule, and they are jointly and severally liable for Plaintiff's damages.

20. Plaintiff seeks to recover minimum wages, overtime hours, retaliatory damages, liquidated damages, as well as any other relief as allowable by law.

21. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class in this action and is obligated to pay reasonable attorneys' fees and costs.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

22. Plaintiff JOSETTE ZAMORA re-adopts every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. Defendants EL TAQUITO, OSVALDO NAVARRO, and ANGELICA OSORIO employed Plaintiff JOSETTE ZAMORA as a non-exempted, full-time, hourly restaurant employee from May 01, 2022, to September 04, 2022, or 18 weeks.

24. Plaintiff was a tipped employee earning $9.00 plus tips, and she had duties as a server, cashier, and cleaning worker.

25. During her employment with Defendants, Plaintiff worked six days per week. Plaintiff had an irregular schedule, and she worked on Mondays from 12:00 PM to 10:00 PM (10 hours). On Tuesdays and Wednesdays, Plaintiff worked from 6:00 PM to 12:00 AM (6 hours each day), and on Thursdays, Friday, and Saturdays, Plaintiff worked from 7:00 PM to 2:00 AM (7 hours each day). Plaintiff completed a total of 43 scheduled hours.

26. However, every day Plaintiff worked 1 off-the-clock hour. Plaintiff was required to arrive 30 minutes before the opening of the restaurant, and she was required to stay working 30 minutes after the restaurant closed (12:00 or 2:00 AM). Thus, Plaintiff worked 6 off-the-clock hours every week. These off-the-clock hours constitute 6 unpaid overtime hours weekly.

27. Thus, Plaintiff worked a total of 49 hours weekly. Plaintiff was paid 40 hours plus 3 overtime hours at her regular rate. The remaining 6 hours were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

28. Plaintiff clocked in and out, and Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

29. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

30. Every week Plaintiff was paid without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

31. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Accordingly, the Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

33. Plaintiff is not in possession of time and payment records. Still, before the completion of discovery, she will provide a good faith estimate of unpaid overtime wages based on her best knowledge. Later, Plaintiff will adjust her statement of claim according to discovery.

\*Please note that this amount is based on a preliminary calculation that could be subject to modification as discovery could dictate.

\*Florida's minimum wage is higher than the federal minimum wage. Therefore, as per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid O/T wages</u>:

One Thousand Four Hundred Fourteen Dollars and 80/100 ($1,414.80)

b. <u>Calculation of such wages</u>:

Total weeks of employment:  18 weeks
Total relevant number of weeks: 18 weeks
Total hours worked: 49 hours weekly
Total O/T hours worked: 9 hours weekly
Regular rate: $9.00 an hour x 1.5=$13.50 O/T rate-$3.02 tip credit=$10.48
     O/T rate: $10.48 an hour

**1.- Half-time overtime for 3 hours paid at the regular rate of $9.00**
Relevant weeks: 18 weeks
O/T rate $10.48:2= $5.24 half-time

Half-time $5.24 x 3 O/T hours=$15.72 weekly x 18 weeks=$282.96

**2.- Overtime for 6 unpaid off-the-clock O/T hours at the rate of $10.48**
Relevant weeks: 18 weeks
O/T rate: $10.48

O/T $10.48 x 6 O/T hours=$62.88 weekly x 18 weeks=$1,131.84

Total # 1 and # 2: $1,414.80

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid overtime wages.

34. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act.

Still, the Defendants made no provision to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

35. Defendants knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

36. Defendants EL TAQUITO CORP, OSVALDO NAVARRO, and ANGELICA OSORIO willfully and intentionally refused to pay Plaintiff JOSETTE ZAMORA overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

37. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to her last day of employment.

38. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSETTE ZAMORA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JOSETTE ZAMORA and other similarly situated and against the Defendants EL TAQUITO CORP, OSVALDO NAVARRO, and ANGELICA OSORIO, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JOSETTE ZAMORA and those similarly situated demand trial by a jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

39. Plaintiff JOSETTE ZAMORA re-adopts every factual allegation as stated in paragraphs 1-19 of this Complaint as if set out in full herein.

40. This action is brought by Plaintiff JOSETTE ZAMORA and those similarly situated to recover from the Employers EL TAQUITO CORP, OSVALDO NAVARRO, and ANGELICA OSORIO unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

41. Defendant EL TAQUITO was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

42. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

43. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

44. Defendants EL TAQUITO, OSVALDO NAVARRO, and ANGELICA OSORIO employed Plaintiff JOSETTE ZAMORA as a non-exempted, full-time, hourly restaurant employee from May 01, 2022, to September 04, 2022, or 18 weeks.

45. Plaintiff was a tipped employee earning $9.00 plus tips, and she had duties as a server, cashier, and cleaning worker.

46. During her employment with Defendants, Plaintiff worked six days per week, a minimum average of 49 hours.

47. On or about August 29, 2022, Defendant ANGELICA OSORIO notified Plaintiff that they would deduct from Plaintiff's wages $550.00 because a water leak caused a high utility bill for excessive water consumption.

48. On or about August 30, 2022, Plaintiff told ANGELICA OSORIO that she should not have to pay for the business utility bill. In the alternative, Plaintiff requested ANGELICA OSORIO to allow her to pay the bill in installments. ANGELICA OSORIO refused Plaintiff's requests.

49. On September 04, 2022, when Plaintiff went to pick up her check, supervisor Frank Rodriguez handed Plaintiff a check for $138.22 and a note for a deduction of $550.00. On top of that, the supervisor, Frank Rodriguez, fired Plaintiff. The supervisor told Plaintiff that he was following instructions of Defendants OSVALDO NAVARRO and ANGELICA OSORIO.

50. Defendants deducted from Plaintiff's wages $550.00 to cover utility expenses of the business. This illegal deduction reduced Plaintiff's wages below the required minimum wage in that week.

51. Plaintiff clocked in and out following Defendants' instructions, and they could track the hours worked by Plaintiff and other similarly situated individuals.

52. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

53. The records, if any, concerning the number of hours worked by Plaintiff JOSETTE ZAMORA and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Accordingly, the Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

54. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

55. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Florida minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Four Hundred Dollars and 00/100 ($400.00)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 18 weeks

Relevant weeks of employment: 1 week
Total number of hours worked:  40 hours
Total number of unpaid hours: 40 hours
Florida Min. wage rate 2022: $10.00

$10.00 x 40 hours= $400.00

c.  Nature of wages:

This amount represents unpaid minimum wages at the Florida min. wage rate

56. Defendants willfully and intentionally failed to pay Plaintiffs the statutory minimum wage as required by the laws of the United States as set forth above and remain owing her back wages. Defendants knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of unpaid minimum wages as required by the Fair Labor Standards Act. Defendants had knowledge of the Plaintiffs' work schedule and the amount of hours they worked.

57. Defendants knew or should have known of the work performed by Plaintiffs and their obligation to pay minimum wages to Plaintiffs. Defendants willfully and intentionally deducted $550.00 from Plaintiff's hourly rate and failed to pay her minimum wages.

58. As a result of the under-payments of wages alleged above, Defendants are indebted to Plaintiffs in the amount of the unpaid minimum wage compensation and an amount equal to the unpaid minimum wages as liquidated damages. Accordingly, Plaintiff proposes to obtain the necessary records and information to determine the amount of the under-payment to Plaintiffs to be promptly taken in this cause.

59. Defendants EL TAQUITO CORP, OSVALDO NAVARRO, and ANGELICA OSORIO willfully and intentionally refused to pay Plaintiff minimum wages, as required by the United States law, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

60. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSETTE ZAMORA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JOSETTE ZAMORA and against the Defendants EL TAQUITO CORP, OSVALDO NAVARRO, and ANGELICA OSORIO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JOSETTE ZAMORA and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3); RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

61. Plaintiff JOSETTE ZAMORA re-adopts every factual allegation as stated in paragraphs 1-19 of this Complaint as if set out in full herein.

62. Defendant EL TAQUITO was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

63. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

64. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

65. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

66. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

67. Defendants EL TAQUITO, OSVALDO NAVARRO, and ANGELICA OSORIO employed Plaintiff JOSETTE ZAMORA as a non-exempted, full-time, hourly restaurant employee from May 01, 2022, to September 04, 2022, or 18 weeks.

68. Plaintiff was a tipped employee earning $9.00 plus tips. Plaintiff had duties as a server, cashier, and cleaning worker.

69. During her employment with Defendants, Plaintiff worked six days per week, a minimum average of 49 hours. Plaintiff was paid for an average of 43 hours at her regular rate. The remaining hours were 6 off-the-clock hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate, as required by law.

70. Plaintiff clocked in and out following Defendants' instructions, and they could track the hours worked by Plaintiff and other similarly situated individuals.

71. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

72. On or about August 29, 2022, Defendant ANGELICA OSORIO notified Plaintiff that they would deduct from Plaintiff's wages $550.00 because there was a water leak that caused an excessive utility bill for water consumption.

73. On or about August 30, 2022, Plaintiff told ANGELICA OSORIO that she should not have to pay for the business utility bill. Plaintiff alleged that it was impossible for her to pay such an amount. Plaintiff complained that she was not receiving overtime payment for off-the-clock hours and that she did not have enough money. In the alternative, Plaintiff requested ANGELICA OSORIO to allow her to pay the bill in installments. ANGELICA OSORIO refused Plaintiff's requests.

74. On or about August 30, 2022, Plaintiff complained about unpaid overtime hours and opposed an illegal wage deduction.

75. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

76. However, on or about September 04, 2022, when Plaintiff went to pick up her check, supervisor Frank Rodriguez fired Plaintiff, alleging that he just followed instructions from Defendants OSVALDO NAVARRO and ANGELICA OSORIO.

77. The supervisor handed Plaintiff a check for $138.22 and a note for a deduction of $550.00. Defendants deducted from Plaintiff's wages $550.00 to cover utility expenses of the business.

78. This illegal deduction reduced Plaintiff's wages below the required minimum wage.

79. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

80. On or about September 04, 2022, Plaintiff JOSETTE ZAMORA was fired in retaliation to his complaints about unpaid overtime hours and her opposition to illegal deductions. Both employment practices violated the FLSA.

81. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

82. Moreover, Plaintiff's termination came just in temporal proximity immediately after Plaintiff participated in protected activity.

83. Defendants EL TAQUITO CORP, OSVALDO NAVARRO, and ANGELICA OSORIO willfully and maliciously retaliated against Plaintiff JOSETTE ZAMORA by engaging in a retaliatory action that was materially adverse to a reasonable employee and with the purpose of dissuading Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

84. Defendants' adverse actions against Plaintiff JOSETTE ZAMORA were in direct violation of 29 U.S.C. 215 (a) (3), and, as a direct result, Plaintiff has been damaged.

85. Plaintiff JOSETTE ZAMORA has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSETTE ZAMORA respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff JOSETTE ZAMORA by Defendants OSVALDO NAVARRO and ANGELICA OSORIO was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B.  Enter judgment against Defendants EL TAQUITO CORP, OSVALDO NAVARRO, and ANGELICA OSORIO, awarding Plaintiff JOSETTE ZAMORA liquidated damages in an amount equal to the amount awarded as consequential damages;

C.  For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D.  Enter judgment awarding Plaintiff reasonable Attorney's fees and costs of this suit; and

E.  Grant such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiff JOSETTE ZAMORA demands a trial by a jury of all issues triable right by a jury.

Dated:  November 14, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*