UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-23735-PAS

JOSETTE ZAMORA,

    Plaintiff,

v.

EL TAQUITO CORP,
OSVALDO NAVARRO, individually,
and ANGELICA OSORIO, individually,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

The Parties by and through their undersigned counsel hereby jointly request that this Court approve their settlement and dismiss this matter with prejudice conditioned upon the Court's reservation of jurisdiction to enforce the terms of the Parties' settlement agreement,[1] and in support state as follows:

On November 14, 2022, the Plaintiff filed her Complaint alleging overtime and minimum wage violations under the Fair Labor Standards Act ("FLSA"), as well as retaliatory discharge. (D.E. 1). Defendants deny that they violated the FLSA in any manner. However, the Parties have been able to reach a settlement concerning the Plaintiff's claims and have incorporated the terms of the settlement into a settlement agreement executed by both of the Parties.

Pursuant to *Lynn's Food Stores, Inc. v. U.S*, 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled only with the approval of the Court or Secretary of Labor. The

---

[1] *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).

Parties stipulate that the negotiated settlement reached between the Parties represents a "fair" resolution of Plaintiff's FLSA claims as well as Plaintiff's reasonable attorneys' fees and costs. The Parties also stipulate that the settlement reached between them advances judicial economy.

The Parties disputed several issues in this case, including the number of hours that Plaintiff worked and whether or not Plaintiff had at all times been properly paid under the FLSA. Plaintiff potentially may not have recovered anything or less than what she claimed in the Complaint and, similarly, Defendants could have been indebted to the Plaintiff for a Judgment, in part or in whole, and potentially may have included, liquidated damages as well as attorney's fees and costs. Consequently, the Parties recognize the inherent uncertainty in proceeding with this action, the investiture of additional time to continue to litigate this case, the preoccupation of litigation, and an additional expenditure of fees and costs that will accrue, and the Parties have agreed to a settlement amount. The settlement reached by the Parties includes a fair and reasonable compromise, and a payment to cover Plaintiff's reasonable attorney's fees and costs.

The Parties further stipulate to the dismissal, with prejudice, of this action of all claims asserted by Plaintiff in this action.

## MEMORANDUM OF LAW

### A. Standard of Review.

To determine whether a settlement in an FLSA case is the fair and reasonable compromise of a *bona fide* dispute, Courts should consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits: (5) the range of possible recovery; and (6) the opinions of counsel. *Leverso v. South*

*Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. 2007).

    **B.**  **There Is a Bona Fide Dispute as to Plaintiff's FLSA Claims and all Relevant Criteria Support Approval of the Settlement.**

Courts have found no fraud or collusion, i.e., a bona fide dispute, where both parties were represented by counsel and the amount to be paid to the plaintiff appeared fair. *Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at 11-12 (M.D. Fla. 2006).

Here, Plaintiff has agreed to dismiss her claims in exchange for her job back and a guarantee of at least 40 hours of work per week. Additionally, Defendant will pay for Plaintiff's counsel's attorney's fees and costs incurred in pursuing her claims in Court. Additionally, each Party was independently represented by legal counsel with experience in litigating claims under the FLSA. Counsel for the parties were obligated to, and did, vigorously represent their respective clients' rights. There has been no fraud or collusion between the Parties.

It is also clear that this case involved a *bona-fide* dispute: Plaintiff maintains she worked overtime and certain hours which were unpaid whereas Defendants denied all such allegations and maintained Plaintiff was paid for all hours worked. *See Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

All other factors weigh in favor of approving this settlement. If the Parties continued to litigate this matter, they would be forced to engage in protracted litigation, at a cost many times that of the amount claimed by Plaintiff, with an outcome that remained uncertain for both parties. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Furthermore, the Parties exchanged information regarding their claims and defenses before reaching any agreement. The exchange of considerable facts and legal theories regarding the claims and defenses of the Parties allowed each party to reach a settlement only after conducting an adequate investigation of the disputed claims and engaging in an educated and informed analysis of the issues.

Lastly, the probability of success on the merits and the range of possible recovery also support approval of the settlement. The Parties disagreed regarding the overtime hours claimed by Plaintiff. The Parties discussed conflicting testimony and numerous legal arguments and authorities on the issue. The Parties continue to disagree over the merits of the claim asserted by Plaintiff, and both offered facts and evidence and arguments to support their respective positions. Lastly, the Parties disagreed on Plaintiff's entitlement to liquidated damages.

As such, Plaintiff's probability of success on the merits and the range of possible recovery are uncertain, further suggesting that this settlement is fair, reasonable, and appropriate.

### C. The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.

The settlement should also be approved because the Parties agreed upon Plaintiff's attorneys' fees and costs separately and without regard to the amount paid to the Plaintiff as wages under the Parties' settlement agreement. *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). ("[I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was

adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

Plaintiff's attorney's fees and costs were agreed upon separately and without regard to, nor compromise of, the consideration Plaintiff is receiving under the terms of the settlement agreement. Plaintiff's counsel did not agree upon a settlement amount, then deduct fees and costs, or otherwise affect Plaintiff's recovery based on the amount of fees and costs recovered. Rather, Plaintiff's counsel reached a meeting of the minds with opposing counsel regarding the terms authorized by Plaintiff in settlement, and negotiated fees and costs separately. Furthermore, because the settlement is reasonable, the Parties respectfully submit that Plaintiff's attorney's fees and costs should be approved without separate analysis regarding the reasonableness of the fee to be paid to plaintiff's attorney. *Bonetti v. Embarq Management Company*, 715 F.Supp.2d at 1228 (M.D. Fla. 2009).

### D. Conclusion

The parties respectfully request that this Court approve the Settlement attributed to Plaintiff's FLSA claims. Moreover, the parties stipulate to dismissal of this action with prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), provided that the Court enters an order retaining jurisdiction to enforce the terms of the settlement, and otherwise deny any pending motions as moot. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the parties' settlement agreement. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

**WHEREFORE**, the Parties respectfully request that this Honorable Court approve the parties' settlement, dismisses this action with prejudice, and retain jurisdiction to enforce the terms of the settlement agreement.

DATED this 2nd day of December 2022.

Respectfully submitted,

| | |
|---|---|
| */s/Zandro E. Palma*_____ | */s/Erick Trelles*_____ |
| Zandro E. Palma, Esq. | Erick Trelles, Esq. |
| Florida Bar No.: 0024031 | Florida Bar No. 123068 |
| **ZANDRO E. PALMA, P.A.** | **TRELLES LAW, PLLC** |
| 9100 S. Dadeland Blvd., Suite 1500 | 18801 SW 89 Rd. |
| Miami, Florida 33156 | Miami, Florida 33157 |
| Telephone No.: (305) 446-1500 | Phone: (305) 281-6074 |
| Facsimile No.:  (305) 446-1502 | |
| zep@ThePalmaLawGroup.com | E-mail: erick@trelleslaw.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |